

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 29, 1971

The Honorable Albert A. Rooker          Opinion No: M-1031
Executive Director
Governor's Commission                   Re: Authority of Governor's
  Physical Fitness                          Commission on Physical
4200 North Lamar, Suite 107                 Fitness to purchase
Austin, Texas 78756                         station wagon under Gen-
                                            eral Appropriation Bill
                                            III-70 and under travel
                                            regulations V-34, Section
Dear Mr. Rooker:                            18, Article 13.

     You ask our opinion as to the authority of your Commission
to purchase a station wagon.  In a supplemental letter you
set out in detail the various uses to which the vehicle would
be put.  For the purposes of this opinion these uses are set
out as follows:

1.   "Continuous travel to communities through out
     the state, performing the duties as charged tn
     this agency by law.  This travel will be occa-
     sional by an individual but frequent by groups
     or teams conducting clinics, workshops, etc.

2.   Large amounts of equipment such as 16 millimeter
     projectors, speakers, portable P.A. systems,
     overhead slide projectors, easels, etc. will be
     used in most presentations at clinics, workshops,
     or even by our speakers bureau.

3.   Intra-city transportation needs by a small a-
     gency located two miles from state capitol com-
     plex has become a major problem in the few short
     weeks of our existence.  More than 30 trips from
     agency headquarters to other state agencies and
     suppliers have already been necessary for our
     operation.  This is a transportation problem
     which can also be solved by the station wagon
     and has no other method of reimbursement for
     personal vehicle use.  Most of our supplies

> will be purchased through the new Board of
> Control Central Supply Store.  Larger state
> agencies may own trucks, etc. for this use
> but it would be impractical for agencies
> of our size to use different types of ve-
> hicles for each different type operation.
> Therefore, the station wagon would resolve
> more of our transportation requirements than
> any other solution.
>
> 4.    The purchase of a station wagon and its
>       operation have been included in proposed
>       budget planning which was used at the initial
>       senate committee meeting which created this
>       agency.  This expenditure was also approved
>       as part of operating budget by our 15-member
>       Commission members at its first commission
>       meeting."

The Appropriation to your Commission for the year ending August 31, 1972[1] is $63,451.00 out of the General Revenue Fund for purposes set out as follows:

> "There is hereby appropriated to the Governor's
> Commission on Physical Fitness for salaries of
> exempt and classified positions, professional fees
> and services, part-time and seasonal help, travel,
> consumable supplies, and materials, current and re-
> curring operating expenses, capital outlay and all
> other activities for which no other provisions are
> made."    (Emphasis added.) (at p. III-70).

The Appropriation Bill [2] contains in Section 18 of Article V thereof, relating to General Provisions, the following ex- ception relating to the expenditure of money for the purchase of passenger vehicles:

> "a.    None of the moneys appropriated in this
> Act may be expended for the purchase, maintenance

---

1.    S.B. 11, Acts 62nd. Leg. R.S. 1971, as amended by S.B. 7, Acts 62nd. Leg. 1st Cis., 1971.

2.    See Footnote 1.

or operation of a passenger car. . . unless authority
to do so is stated by the language of this Act.

b.  Only the following passenger-carrying vehicles
are exempt from the restrictions on purchases, main-
tenance, and operation specified in this Section. . .
buses and station wagons regularly used for the mass
transportation of numbers of people and essential to
the efficient management of the operating agency of
the State."  (at p. V-43).

Purchase of a station wagon in the first instance could not
be made "unless authority to do so is stated by the language of
this Act."  Furthermore, the above stated exception to this pro-
vision is not operative unless the station wagon (1) were to be
used for mass transportation and (2) is essential to the efficient
management of the operating agency of the State.

We note that the budget prepared by your Commission for pre-
sentation to the Legislature specifically referred to a "station
wagon motor vehicle" as a part of the requested appropriation
of $63,451.00.  This sum was granted in toto by the Legislature.
Secondly, you state that the station wagon will be used frequently
to transport "groups or teams conducting clinics, workshops, etc.";
and that the station wagon "would resolve more  of our transporta-
tion requirements than any other solution."  As a consequence of
this, we are of the opinion that your Commission does have authority
to purchase a station wagon out of funds appropriated to it for
the fiscal year ending August 31, 1972.

### S U M M A R Y

The Governor's Commission on Physical Fitness
is authorized to purchase a station wagon for the
stated purpose out of funds appropriated to it for
the fiscal year ending August 31, 1972.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James H. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W.E. Allen, Co-Chairman

Ben Harrison
Bill Craig
Fisher Tyler
Bob Davis

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant